IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BESSIE RANDOLPH,

    Plaintiff,

v.                                                                         CIV 14-0366 KG/KBM

UNITED STATES OF AMERICA,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant's Motion to Quash *Subpoenas Duces Tecum (Doc. 98)*. Having reviewed the memoranda and exhibits submitted by the parties and the relevant authorities, the Court concludes that the motion is well taken and will be granted.

Defendant seeks to quash *subpoenas duces tecum* that Plaintiff Randolph served on four of its expert witnesses. All four witnesses responded to Plaintiff's counsel by interposing objections to the subpoenas. In its motion to quash, Defendant argues that "[w]hile a bare Rule 45 subpoena duces tecum might save expense and time, 'the drafters of the Rules could have accounted for that if it had been their intention to do so.'" *Doc. 98* at 9 (quoting *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Va. 1992).

Indeed, Defendant cites numerous cases in support of its position that the *subpoenas duces tecum* issued to the experts must be quashed as improper. *See Doc. 98* at 5-9. In her response in opposition to the motion, Plaintiff does not attempt to distinguish those authorities or to provide case law reaching a contrary conclusion. Thus, it appears that Defendant correctly posits that

> subpoenas issued under Federal Rule of Civil Procedure 45 may not be used to circumvent the limitations on expert discovery set forth in Fed. R. Civ. P. 26, citing *Marsh v. Jackson,* 141 F.R.D. 431, 432 (W.D.Va.1992). As the *Marsh* court noted, even though the explicit wording of Rule 45 would suggest that all subpoenas fall within its ambit, the Advisory Committee notes to Rule 45 make it clear that the drafters intended that Rule 26 would still govern depositions and accompanying subpoenas duces tecum issued to experts retained by the parties. The *Marsh* court concluded that "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and ... the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45 where . . . a bare subpoena duces tecum has issued for the expert's files [unaccompanied by a Rule 30 deposition.]"

*Thomas v. Marina Associates*, 202 F.R.D. 433, 434 (E.D. Pa. 2001).

Wherefore,

IT IS HEREBY ORDERED that on Defendant's Motion to Quash *Subpoenas Duces Tecum (Doc. 98)* is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE